**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 8867 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| ANISH DAVE, a/k/a Anish Narendrakumar Patel, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment on its claims that defendant obtained U.S. citizenship illegally or by willful misrepresentation and concealment of material facts. For the reasons set forth below, the Court grants the motion in part and denies it in part.

**Facts**

On September 9, 1983, defendant, who was born in India, was admitted to the United States as a lawful permanent resident. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1-2.)

On May 17, 2004, he filed an application for naturalization with the U.S. Citizenship and Immigration Service ("USCIS"). (*Id.* ¶ 3.)

On May 21, 2004, Dave had sex with a fifteen-year-old girl. (*See* Pl.'s Ex. 5, Change of Plea Hr'g at 2-3, 8, 11-14, *People v. Dave*, No. 04-CF-978 (Cir. Ct. Champaign Cnty. Mar. 21, 2006).)

On May 27, 2004, Dave was arrested and charged with aggravated criminal sexual abuse of a minor. (*See* Pl.'s Ex. 9, Dave Resp. Req. Admissions No. 1); *see also* 720 Ill. Comp. Stat. 5/11-1.60(d) (" A person commits aggravated criminal sexual abuse if that person commits an act of

sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim.").

On February 14, 2005, Dave was interviewed under oath by USCIS Officer McElligott regarding his application for naturalization. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 7.) Plaintiff says Officer McElligott asked Dave whether he had ever been arrested or charged with a crime but he did not tell her that he committed, was arrested for, and charged with aggravated criminal sexual abuse of a minor. (Pl.'s LR 56.1(a) Stmt. ¶¶ 8-11.) Dave says Officer McElligott never asked whether he had been arrested or charged with a crime. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 8-9.) At the end of the interview, "Dave signed Part 13 of the application for naturalization, attesting that, under penalty of perjury, the contents of the application and corrections are true and correct to the best of his knowledge." (*Id.* ¶ 12.)

On February 15, 2005, USCIS approved Dave's application for naturalization. (*Id.* ¶ 13.)

On March 2, 2005, Dave was naturalized after he took the oath of allegiance. (*Id.* ¶ 15.)

On March 21, 2006, Dave pleaded guilty to having committed aggravated criminal sexual abuse of a minor on May 21, 2004. (*See* Pl.'s Ex. 5, Change of Plea Hr'g at 8, *People v. Dave*, No. 04-CF-978 (Cir. Ct. Champaign Cnty. Mar 21, 2006).)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and

draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In Count I of the complaint, plaintiff alleges that defendant illegally procured U.S. citizenship because he was naturalized as a U.S. citizen though he was statutorily ineligible for naturalization. *See Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (stating that "[f]ailure to comply with any of the[] [prerequisites to the acquisition of citizenship] renders the certificate of citizenship 'illegally procured'"). One of the statutory requirements for naturalization is that the "applicant . . . during the five years immediately preceding the date of filing his application . . . has been and still is a person of good moral character." 8 U.S.C. § 1427(a); *see* 8 C.F.R. § 316.10(a)(1) (stating that the five-year period for demonstrating good moral character "includes the period between the examination and the administration of the oath of allegiance"). A person is not of good moral character if, "during the period for which good moral character is required to be established," he was "convicted of, or . . . admits [to] having committed, or . . . committing acts which constitute the essential elements of[,] . . . a crime involving moral turpitude." 8 U.S.C. §§1101(f)(3), 1182(a)(2)(A)(i)(I); 8 C.F.R. § 316.10(b)(2)(i).

"[A] crime of moral turpitude . . . includ[es] conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Lagunas-Salgado v. Holder*, 584 F.3d 707, 710 (7th Cir. 2009) (quotations omitted). A crime involves moral turpitude if it is "'ethically wrong without any need for legal prohibition (acts wrong in themselves, or *malum in se*),' rather than 'ethically neutral and forbidden only by positive enactment (acts wrong because they are so decreed, or *malum*

3

*prohibitum*).'" *Id.* at 710-11 (quoting *Ali v. Mukasey*, 521 F.3d 737, 740 (7th Cir. 2008)). Crimes involving moral turpitude, the Seventh Circuit has said, are "(1) serious crimes, in terms either of the magnitude of the loss that they cause or the indignation that they arouse in the law-abiding public . . . that are (2) deliberate, because a person who *deliberately* commits a *serious* crime is regarded as behaving immorally and not merely illegally." *Mei v. Ashcroft*, 393 F.3d 737, 740 (7th Cir. 2004) (emphasis in original). Whether a crime involves moral turpitude is decided as matter of law by the court, *Lagunas-Salgado*, 584 F.3d at 710, and in making the determination, the court "has the discretion to consider evidence beyond the charging papers and judgment of conviction."[1] *Ali*, 521 F.3d at 743.

Defendant was charged and convicted of aggravated criminal sexual abuse, *i.e.*, "an act of sexual penetration or sexual conduct with a victim who[m] [the perpetrator knows] is at least 13 years of age but under 17 years of age" by a perpetrator who "is at least 5 years older than the victim." 720 Ill. Comp. Stat. 5/11-1.60(d); *see* Ill. Pattern Jury Instruction Crim. 11.64 (stating that "[i]t is a defense to the charge of [ . . . aggravated criminal sexual abuse] that the defendant reasonably believed [the victim] to be [ . . . 17] years of age or older"). Thus, the least egregious conduct criminalized by the statute is sexual contact by a twenty-one-year old with someone he knows is sixteen. But the record shows that Dave's actual conduct was much worse; he had sexual

---

[1] In 2008, after *Ali* was decided, the Attorney General adopted a three-step approach for determining whether a crime involves moral turpitude, *see In re Silva-Trevino*, 24 I & N. Dec. 687, 688-89, 704 (AG 2008), to which the Seventh Circuit deferred, *see, e.g.*, *Marin-Rodriguez v. Holder*, 710 F.3d 734, 737 (7th Cir. 2013). In April of this year, however, the Attorney General vacated the 2008 opinion in *Silva-Trevino*. *See In re Silva-Trevino*, 26 I & N. Dec. 550 (AG 2015). Thus, the Court uses the Seventh Circuit's pre-*Silva-Trevino* approach as set forth in *Ali*.

4

intercourse with a fifteen-year-old when he was twenty-five. (*See* Pl.'s Ex. 5, Change of Plea Hr'g at 12, *People v. Dave*, No. 04-CF-978 (Cir. Ct. Champaign Cnty. Mar 21, 2006).) The inherent impropriety of sexual contact between an adult and a child, which animates statutory rape laws, has led numerous courts to conclude that even strict liability sex offenses involving minors are morally turpitudinous. *See Mehboob v. Att'y Gen. of the U.S.*, 549 F.3d 272, 276-79 (3d Cir. 2008) (holding that the crime of "indecent contact" with a minor, *i.e.*, touching, for sexual gratification, the sexual parts of a person under sixteen by a person four or more years older than the victim, was a crime involving moral turpitude); *Sheikh v. Gonzales*, 427 F.3d 1077, 1082 (8th Cir. 2005) (offense of contributing to the delinquency of a minor, which involved sexual intercourse with a minor, was a crime of moral turpitude); *Castle v. I.N.S.*, 541 F.2d 1064, 1066 (4th Cir. 1976) (per curiam) ("[A] man's carnal knowledge of a fifteen year old girl . . . is so basically offensive to American ethics and accepted moral standards as to constitute moral turpitude per se"); *see United States v. Ep*, No. 02 CV 780, 2003 WL 22118926, at *5-*6 (N.D. Ill. Sept. 11, 2003) (holding that aggravated criminal sexual abuse under Illinois law is a crime of moral turpitude).

Not all courts agree, however, and defendant seeks refuge in a case with a contrary holding, *Quintero-Salazar v. Keiser*, 506 F.3d 688 (9th Cir. 2007). The crime in that case was "engaging in intercourse with a minor who is under 16 years of age when the perpetrator is 21 years of age or older." *Id.* at 691-92. The Ninth Circuit uses the "categorical" approach to determining moral turpitude, *i.e.*, it "look[s] only to the fact of conviction and the statutory definition of the . . . offense," not to the actual underlying facts of the offense. *Id.* at 692 (quotation omitted). Under this approach, the least egregious of the prohibited conduct must be morally turpitudinous for the offense to qualify for that status. *Id.* Because "consensual intercourse between a 21-year-old (possibly a

5

college sophomore) and a minor who is 15 years, 11 months (possibly a high school junior)" was among the range of conduct criminalized by the statute in that case, the court held that it was not a crime involving moral turpitude. *Id.* at 693.

As noted above, the law of this circuit, unlike that of the Ninth Circuit, permits the Court to consider the actual facts of the offense; thus, *Quintero-Salazar's* use of the categorical approach makes the case inapt. Moreover, even if the Seventh Circuit used the categorical approach, the Court would still respectfully disagree with *Quintero-Salazar* that sexual conduct between a twenty-one year old and a fifteen-year old is not categorically turpitudinous. As the Seventh Circuit has noted there is "an inherent risk of exploitation, if not coercion, when an adult solicits a minor to engage in sexual activity." *Gattem v. Gonzales*, 412 F.3d 758, 765 (7th Cir. 2005). Moreover, "the risk of coercion is particularly great" when the victim and perpetrator are in different peer groups, which occurs when there is an age differential of as little as three years. *In re Esquivel-Quintana*, 26 I. & N. Dec. 469, 474 (BIA 2015). Given the coercion and exploitation that necessarily attends sexual contact between a person five years older than a teenager, the Court would decline to follow *Quintero-Salazar*, even under a categorical approach.

In short, the Court holds that aggravated sexual abuse of a minor is a crime involving moral turpitude. Because it is undisputed that defendant committed the crime within the statutory period during which he was required to establish good moral character, he was not eligible to become a naturalized citizen.

Even if defendant's crime had not been one involving moral turpitude, he could still be denaturalized if, during the statutory period, and absent a showing of "extenuating circumstances," he "[c]ommitted unlawful acts that adversely reflect upon [his] moral character." 8 C.F.R. §

6

316.10(b)(3)(iii); *see United States v. Suarez*, 664 F.3d 655, 661 (7th Cir. 2011) (noting that the regulation is entitled to deference under *Chevron USA v. Nat. Res. Def. Council*, 467 U.S. 837 (1984)). There is no dispute that defendant committed the unlawful act of aggravated sexual abuse of a minor during the statutory period. (*See* Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 3; Pl.'s Ex. 5, Change of Plea Hr'g at 2-3, 8, 11-14, *People v. Dave*, No. 04-CF-978 (Cir. Ct. Champaign Cnty. Mar 21, 2006).) Moreover, for the reasons discussed above, that crime reflects adversely upon his moral character, and defendant has not made a showing of extenuating circumstances. Thus, even if defendant's crime had not involved moral turpitude, he would still have been ineligible for naturalization.

In Count II, plaintiff alleges that defendant procured his citizenship by willful misrepresentation and concealment of material facts. To prevail on this claim, plaintiff must prove that defendant "misrepresented or concealed some fact, the misrepresentation or concealment [was] willful, the fact [was] material, and [he] . . . procured citizenship as a result of the misrepresentation or concealment." *Kungys v. United States*, 485 U.S. 759, 767 (1988). A concealment or misrepresentation is material if it has "a natural tendency to influence the decisions of the Immigration and Naturalization Service." *Id.* at 772.

Plaintiff argues that defendant concealed his arrest from Officer McElligott during the naturalization interview. However, plaintiff denies that Officer McElligott ever asked him about arrests, and though she said it was her practice to ask such questions, she has no independent recollection of doing so in this case. Thus, there is a genuine issue of material fact as to whether defendant procured his citizenship by willful misrepresentation and concealment of material facts.

7

## **Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [24] as to Count I of the complaint, denies it as to Count II, and finds that Dave illegally procured his naturalized citizenship. The parties are ordered to submit an agreed judgment order to the Court on or before October 5, 2015.

**SO ORDERED.**　　　　　　　　　　**ENTERED:  September 21, 2015**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**JORGE L. ALONSO**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**